ARKANSAS AND LOUISIANA RAILWAY CO. V. SMITH.

Decided May 17, 1890.

1. *Railway—Contract with connecting line fixing joint rate—Right of shipper to complain of breach.*

   A shipper cannot complain because a railway, in violation of its contract with a connecting railway, deducts more than its share of the freight charges or lays an additional charge on the shipper without sharing with such connecting line.

2. *Misrepresentation without injury.*

   A false representation by a railway to a shipper that the rate charged him was its joint rate, as fixed by contract with a connecting line, is not actionable, unless he was induced thereby to ship by its line and to pay more than the service would have cost him by some other means of transportation.

APPEAL from *Clark* Circuit Court.

R. D. HEARN, Judge.

Smith sued the Arkansas and Louisiana Railway Company in Howard circuit court. A change of venue was taken to Clark circuit court. The complaint alleged that defendant is a common carrier operating a railroad from Hope in Hempstead county to Nashville in Howard county; that, during the season of 1886-7, plaintiff shipped from Nashville to St. Louis, Mo., 988 bales of cotton over defendant's road and the connecting line, the St. Louis, Iron Mountain and Southern Railway Company; that appellant falsely and fraudulently represented the freight rate from

Nashville to St. Louis, as established by it and the connecting line to be $3.75 per bale, where in fact it was only $3.50, and thereby wickedly, fraudulently and unlawfully collected and extorted from plaintiff twenty-five cents per bale as freight on said cotton. The answer admitted the charge but denied the misrepresentation. The court charged the jury as follows: "If the jury believe from the evidence that the defendant company, through its officers and agents, demanded and collected an excessive rate of freight on the cotton shipped by plaintiff over defendant's road and connecting lines, by falsely and fraudulently representing to plaintiff that the joint rate established by the defendant road and connecting lines from Nashville to St. Louis was $3.75 per bale, when in truth and in fact the rate so established was only $3.50 per bale, and that said representations were false and fraudulent, and known to the defendant to be false and fraudulent, and that, by means of said false and fraudulent representations, plaintiff was induced to contract for the payment of, and did pay to the defendant company, an excessive rate of freight on the cotton so shipped, they may find for the plaintiff the difference between the rate established by the joint act of all the roads and the rate collected, provided they further find that the rate collected was an excessive rate."

There was verdict and judgment for plaintiff. Defendant appealed.

*A. B. & R. B. Williams, Dan W. Jones* and *T. B. Martin* for appellant.

There was no extortion in this case. The appellant was allowed under the law to charge 40 cents per 100, where in fact it only charged 22 ½ cents per 100. Mansf. Dig., sec. 5497. This act is constitutional. 94 U. S., 155-187; 49 Ark., 325, 334; 125 U. S., 680.

The appellant had the right to charge any rate not ex-

ceeding 40 cents per 100, and hence it was not excessive nor extortionate.

Even upon the theory of a *through* bill of ladimg and no necessity of *unloading* at Hope, this suit cannot be sustained. 83 Mo., 454; S. C. in 25 A. & E. R. R. Cas., 371.

There was absolutely no evidence that the rate was excessive or unreasonable. On the contrary it was shown that it was moderate and reasonable, and that there was no discrimination.

*Feazel & Rodgers* for appellee.

1. Sec. 5497 Mansfield's Digest is unconstitutional. Const., art. 2, sec. 3; Const., art. 2, sec. 18; Const., art. 5, sec. 26; 13 Fed. Rep., 722; Cooley, Const. Lim., pp. 393-398.

2. It is special or class legislation. 4 Pac. Rep., 800; 60 Iowa, 500; 6 N. E. Rep., 571; 8 N. E. Rep., 609.

3. This was a through bill of lading to St. Louis, more than 500 miles, and the act has no application. 12 Pac. Rep., 93; 13 Fed. Rep., 330; 8 S. W. Rep., 138; Hutch. on Car., secs. 145, 272, 273; 39 Ark., 150.

4. The representation was material; it was peculiarly within appellant's knowledge, and was relied on by appellee to his injury; it was false and fraudulent. 47 Ark., 335; 1 N. W. Rep., 163.

5. The contract between appellant and the Iron Mountain Railway was a public contract for the benefit of the public, as well as themselves. They contracted to haul at $3.50 per bale, and that the rate should not be changed without the consent of both companies. Shippers were entitled to this rate until it was changed in accordance with this contract. Parsons on Cont. (5th ed.), vol. 2, 206; 2 Rorer on Railroads, p. 1222.

If a greater rate than that agreed on be obtained, either by fraud or mistake, the injured party may recover the ex-

cess.   Rorer on Railroads, p. 1371; 6 Gill (Md.), 168; 3. N. E. Rep., 293;. 15 N. E. Rep., 459; 40 Ark.. 189.

**1. Right of shipper to complain of railway's breach of contract with connecting line.**   COCKRILL, C. J.   Smith, the shipper, was not a party to the contract between the railways, in which they adjusted the through rate for the carriage of cotton; and he did not ship his cotton upon the expectation that it would be carried at the rate which the carriers had agreed should be apportioned between them for the service rendered.   He can base. no right of recovery, therefore, upon a violation of the contract.   It was no concern of his how the carriers apportioned between themselves the amount charged for through freight. *Owen v. Railway*, 83 Mo., 454.   If one received a greater portion of the charge agreed upon for the carriage than its· share; or laid an additional charge upon the shipper without. sharing the profit with the connecting line, it would be no injury to the shipper, unless the charge demanded of him was unreasonable for the service rendered by one or both con-- tracting lines.   In that event the suit would be for extortion in demanding unreasonable charges.

**2. Misrepresentation without injury—Not actionable.**   But the cause was not tried upon the theory of an unrea- sonable charge.   The gist of the action, argues the appellee, was that the appellant extorted from him 25 cents a bale on all cotton shipped by him, by falsely representing that the rate agreed upon by it and its connecting line of railway was. $3.75 per bale on cotton to St. Louis, when in fact the joint rate was only $3.50 per bale.   But there is no proof tending to show injury by reason of the false representation.   Misre- presentation without injury affords no ground of redress in a suit for damages.   If the appellant by false representations had led the appellee to believe that the rate had been ad- vanced over the line of the connecting railway, and thereby induced him to ship by its line and pay it more for transpor- tation than the service would have cost him by some other route or means of transportation, he should recover the ex-

cess paid to the appellant, whether the charge was great enough to amount technically to extortion or not, because it would have been procured from him by fraud.

The cause was tried, however, upon the theory that the false representation and payment of the higher rate on the strength of it constituted extortion without further proof. That was error.

Reverse the judgment, and remand the cause for a new trial.